## SLATTERY, EX PARTE.

### On Habeas Corpus.

The General Assembly may constitutionally vest in a Corporation Court the jurisdiction of all offences below the grade of felony at the common law.

The act of 21st December, 1840, providing that each of the city justices elected for the city of Little Rock,-shall, separately or together, have jurisdiction as a Corporation Court, to hear, try, and determine certain offences, without indictment or presentment, organizes a court or tribunal, whose powers are co-extensive with the corporate limits of the city.

The City Council had power to provide, by ordinance, that if any person should, in public, use any obscene or indecent language, he should be punished by fine, not less than five, nor more than fifty dollars; and that judgments should be entered in the name of the State, for the use of the city; and that the defendant should stand committed and be held in custody until fine and costs should be paid.

If any person in the city offends against such ordinance, as the offence is not one declared to be criminal by any statute, he may be constitutionally proceeded against in the Corporation Court, without indictment or presentment, tried by jury, and fined, and held in custody or committed until the fine and costs be paid.

John C. Slattery, being held in custody by the City Constable in Little Rock, upon a conviction before the Corporation Court, for using indecent language in public, upon which conviction he had been committed until the fine and costs should be paid, obtained a habeas corpus from the Supreme Court. The City Constable set out, in his return, for what cause he held him in custody, with a transcript of the record of conviction, and a copy of the ordinances applicable to the case, all of which are fully stated in the opinion. Slattery demurred to the return.

HEMPSTEAD, for demurrant:

BORDEN and PIKE, Contra:

DICKINSON, J., delivered the opinion of the Court:

The prisoner is brought up on a writ of habeas corpus. He contends that he is entitled to a discharge, upon the grounds, 1st, That there is no legally constituted Corporation Court in the City of Little Rock; and 2d, That his conviction is contrary to the constitution and laws of this State.

Slattery, Ex Parte.

As to the first objection: The only limitation to the powers of the Legislative department that can exist, must be found either in the Constitution of the United States, or of this State, or in the natural and inherent rights of the citizens, as enumerated in the bill of rights, which they cannot part with, or be deprived of by the society to which they belong. The first section of the sixth article of the Constitution, after declaring that "the judicial powers of the State shall be vested in one Supreme Court, in Circuit Courts, in County Courts, and in Justices of the Peace," expressly authorizes the General Assembly to vest *such jurisdiction as may be deemed necessary in Corporation Courts.*

The third section gives to the Circuit Courts original jurisdiction over all criminal cases which shall not be *otherwise provided for by law;* but *exclusive* original jurisdiction of crimes that do amount to felony at common law. These provisions render it obvious that the General Assembly may, if they deem it necessary, vest in a Corporation Court the jurisdiction of all crimes less than felony at the common law.

The city of Little Rock was incorporated in 1835. On the 21st December, 1840, the General Assembly enacted, "That each of the city justices elected for the city of Little Rock, as now provided by law, shall, separately or together, have jurisdiction as a Corporation Court, to hear, try, and determine certain enumerated offences, without the necessity of indictment or presentment," among which are, offences against "the public peace, good morals, or decency, not specially provided for by statutory provisions;" and "that every person so tried shall be entitled to a trial by jury."

The language and terms used in the act referred to, are by no means precise or definite, but certainly sufficient to ascertain the intention of the General Assembly to establish and organize a Court or tribunal, whose powers are co-extensive with the corporate limits of the city; and that the city justices, or either of them, are authorized to preside in the Court, as the Judge or Judges thereof. Whether such a Court is calculated to aid and assist in the administration of justice, and preservation of the public peace, is a question, the policy of which must be left to the decision of another department. We can only inquire, in this instance, into its acts as presented by the return of the officer, viz: That on the 8th day of February, 1841, the Mayor and

Aldermen of the city of Little Rock, in Council assembled, did ordain, " That if any person in this city shall use, in public, any obscene or indecent language, he shall, on conviction thereof, be punished, by fine, not less than five nor more than fifty dollars;" and that judgments shall be entered in the name of the State, for the use of the city; and that the defendant shall stand committed, and be held in custody, until the fine and costs are paid. That on the 18th July, 1841, the prisoner was, upon the plea of not guilty, fined by a jury in the Corporation Court, in the sum of five dollars, for using obscene and indecent language, in the public street, and in the presence and hearing of ladies; and judgment was thereupon rendered against him for the fine and costs, and that he stand committed until the same be paid.

The truth of this return is not controverted. Is there any doubt of the authority of the Corporation to pass such an ordinance? What was the power conferred upon the Mayor and Aldermen by the city charter? We answer that it was wholly political. Instead of prescribing, at their discretion, every duty to be performed, and forbidding every act to be avoided—in a word, directing the whole system of goverment to be observed and executed—the Legislature have merely defined the outlines and leading principles, and conferred upon the inhabitants within the bounds of the Corporation, the power, at discretion, to fill up and carry them into operation. Individual rights or private interests are no more involved in the arrangement, than they are in the general laws passed with reference to the government of the State.

Any person who will look into the powers and privileges conferred by the charter upon the city, and its qualified right of self-government in reference to its domestic regulations, will at once perceive that the powers and duties of the inhabitants and officers are more or less limited and defined, leaving whatever was deemed by the Legislature expedient, to the exercise of their discretion. They are to adapt the law to their peculiar condition and necessities. The powers delegated, executive, legislative, and judicial, and the rights in the inhabitants, are of the same kind, and designed to accomplish the same end, to wit: the good government of the people. These powers are all public trusts, to be executed not for the benefit of the few, but for the public

Slattery, Ex Parte.

weal. When they shall cease to exist, or in what manner modified, is for the Legislature to determine. The forming of cities into communities, corporations, or bodies politic, and granting them the privileges of municipal jurisdiction, has contributed, more than any other cause, to introduce regular government, and preserve good order through its police.

A public corporation is defined to be " an investing the people of a place with the local government thereof." This description is appropriate, and justified by the history of these institutions, and the nature of the powers with which they are and were invested. They have capacity to sue and be sued, to purchase and hold real estate, to make such contracts and hold such personal property as may be necessary to its corporate and administrative powers, and to make such order for the disposition, regulation, and use of its public property, as may be conducive to the interests of the inhabitants, and to pass all laws necessary to carry into effect its general and specific powers.

The charge against the prisoner is not declared to be criminal by any statute, but is simply a breach of one of the ordinances of the Corporation, which it had as well the authority to make, as to declare the punishment for its violation.

He is in custody, by virtue of the final judgment of the Corporation Court of the city of Little Rock, which possesses competent jurisdiction to adjudicate the matter with which he is charged; and not bringing himself within any of the causes specified by law, (*Rev. Stat. Ark.*, 440,) his application for a discharge must be refused, with costs.

He is therefore remanded into the custody of the City Constable, to be by him delivered into the custody of the keeper of the common jail of the county of Pulaski, to be by him safely kept in said common jail, until he shall have paid the fine and costs mentioned in the return to the writ of habeas corpus in this case issued, or shall be otherwise discharged therefrom by due course of law.